Bailey *v.* Dalrymple.

---

## THEODORE J. BAILEY

*v.*

## MARY L. DALRYMPLE et al.

1. If a party to a partition suit who is entitled to a share of the lands subject to partition becomes a purchaser of a part of the lands at a sale by a master, under order for that purpose made in the cause, and makes default in completing his purchase, and upon a re-sale a deficiency occurs, the court may pass upon and determine in a summary manner his liability to make it good and charge such deficiency against his share in the fund.

2. The conditions of sale contained a clause by which the percentage paid by the purchaser at the time of the sale was forfeited in case he failed to complete. The purchaser failed to complete, and on a second sale a deficiency arose.—*Held*, under the language of the condition, that the defaulting purchaser was entitled to have the percentage by him paid applied in reduction of this deficiency.

---

In partition.  Motion to vacate order.

*Mr. George T. Werts*, for the motion.

*Mr. W. W. Cutler, contra.*

PITNEY, V. C.

This is a suit for partition in which a sale of land had been made and an order distributing the proceeds made on the motion of the solicitor of complainant without notice to the defendants.

Motion is now made by a defendant, and against complainant, to vacate the order of distribution and to charge complainant, for the benefit of the fund to be distributed, with the amount of a deficiency arising out of a previous sale of the premises, at which complainant was the purchaser, and which he failed to complete.

At the hearing of the motion the following facts appeared or were admitted :

The premises, consisting of a farm and some out-lots, were first offered for sale by the master September 23d, 1889, when the out-lots were sold to outside parties for $250, and the farm was struck off to complainant for $5,585, and he signed the conditions of sale and paid the percentage required by the conditions, amounting to $558.50. The sale was confirmed but complainant failed to complete his purchase, and the master again advertised, and, on the 3d of March, 1890, the farm was sold to one Faulkner for $4,735, leaving a deficiency of $850, besides interest and the costs of the second sale. This sale was duly confirmed and completed. The master thereupon reported in his hands as follows :

| | |
|---|---:|
| Price of out-lots........................................................................ | $250 00 |
| Percentage paid by complainant................................................ | 558 50 |
| Price of farm (second sale)..................................................... | 4,735 00 |
| | $5,543 50 |

Upon this report complainant's solicitor procured the order now complained of, which directs the master to distribute this fund, after paying complainant's costs and counsel fee and retaining his own fees and costs, among the parties who, by the order of sale, were declared to be the owners of the lands, in the shares there determined, which gives complainant one-seventh.

The contention of the moving defendant is, that the fund to be distributed should be increased by the total deficiency with which complainant was chargeable upon the re-sale, after his failure to complete his purchase, and that such deficiency should be charged against and retained out of complainant's share of the fund, and that without any allowance for the down-payment made by him.

I think there can be no doubt about the power and duty of this court to deal with complainant, and to settle and enforce against him the obligations arising out of his contract with an officer of the court in the summary manner proposed. The facts are undisputed, and if, upon them, it appears that complainant

Bailey v. Dalrymple.

owes the officer of the court money, which, if paid, will belong to the fund in course of distribution, I know of no reason why it should not so adjudge, and order that the amount of his indebtedness be taken from his share in the fund.

The serious question is, whether, in ascertaining the deficiency due from complainant, he should not have credit for his downpayment of $558.50, and its solution depends, to some extent at least, upon the terms of the conditions which he signed. They are as follows :

1. In substance, that the highest bidder be the purchaser and that he sign the conditions and "pay ten per cent. of the purchase-money in cash."

2. Provides for report of sale and confirmation and fixing time for completion.

3. Provides for contingency of court refusing to confirm.

4. Provides for contingency of bidder refusing to sign conditions or pay percentage.

5. "The purchaser * * * of the said land and premises shall be liable for the payment of the purchase-money for which the same shall be struck off and sold to him, * * * whether he * * * attend and receive his * * * deed therefor at the time and place mentioned in the second of these conditions or not; and in case the purchaser * * * neglect or refuse to attend at the said time and place and receive his * * * deed, and pay the balance of the purchase-money in cash as aforesaid, the said land and premises may, if the said special master think proper, be re-advertised and sold again; and if at such second sale a less sum be realized therefrom than at this vendue, with interest on the amount bid at this sale, and the expenses of making such second sale, the purchaser * * * at this sale will be held liable for the deficiency, but if a greater sum be realized therefrom than at this sale, shall receive no benefit therefrom.

"The purchaser * * * at this sale neglecting or refusing to comply with the second of these conditions of sale shall forfeit the percentage paid by him, * * * and shall be barred from having or prosecuting any action at law or equity for the recovery of the same or any part thereof."

6. The sixth provides for an additional remedy for the master, and does not affect the construction of the fifth.

The question, then, is, whether, under the recited condition, the defaulting purchaser must, in case of a deficiency, make it good,

without the aid of the down-payment, and thus absolutely for-
feit it.

A construction leading to such a result will not be adopted
unless the language is so clear as to preclude any other.

It is the disposition, as well as the duty, of this court to
relieve against forfeitures, and it seldom, if ever, enforces them.
*1 Pom. Eq. Jur.* §§ *459, 460.*

Vice-Chancellor Van Fleet, in *Chancellor* v. *Gummere, 12 Stew..
Eq. 582* (at *p. 585*), says: "A forfeiture for the non-perform-
ance of a condition can only be awarded on plain words or
unavoidable implication. Forfeitures are not favored in equity ;.
indeed, they are opposed to its general principles. The opposition
is fundamental, for what are they but a compulsory tranfer of
what belongs to one person to another as a compensation for the
other's wrongs, regardless of the proportion which the value of
the thing forfeited bears to a pecuniary estimate of the injury
sustained ?"

Looking at the conditions in this case, I think the construction
not difficult. The first provides that the highest bidder, upon
being declared the purchaser, shall sign the conditions "and pay
ten per cent. of the purchase-money in cash." Now, it seems to
me that this means, not a deposit to secure the further fulfillment
of his contract, but an actual *payment on account of the purchase-
money—a part of the purchase-money.* By it the amount which
the purchaser owes is reduced by just so much. Coming now to
the fifth condition, we find that the purchaser is declared liable
to pay the purchase-money—which must mean the amount bid
less the amount already paid—whether he attend to take his deed
or not, and then if he fail, and in case of a re-sale there be a
deficiency, the purchaser at the first sale will be liable for the
deficiency, &c. Here, again, I think the word "deficiency"
must mean the deficiency which will arise after crediting the
down-payment. Then the condition proceeds to provide for the
other contingency, viz., a realization at a second sale of a greater
sum than the bid at the first sale, and declares that the defaulting
purchaser shall derive no benefit therefrom. Then follows the
forfeiture clause.

Now, I think the proper and natural office of this last clause is to define the right of the defaulting purchaser in case of a surplus or of no deficiency on the second sale, and in that case only, and that it has no application to the case of a deficiency. By this construction the contract is not only made harmonious, but just and fair. I think the latter part of the fifth condition may be paraphrased thus : But if a greater sum be realized from the second sale than at this sale, the purchaser at this sale so defaulting shall receive no benefit therefrom, but shall forfeit the percentage paid by him, and shall be barred from any action at law or in equity for the recovery of the same.

Whether, if, in this case, the second sale had produced more than the first, this court would have enforced the forfeiture clause thus construed, it is not now necessary to determine. It was not involved in the decision in *Chancellor* v. *Gummere*, as the condition in that case contained no such clause.

The construction I have adopted is sanctioned by the case of *Ockenden* v. *Henly, El., B. & E. 485*. The frame of the condition there passed upon was rather stronger for forfeiture than that in this case, and yet the court, upon a re-sale and deficiency, refused to charge the defaulting purchaser with both deficiency and deposit, but limited the recovery to the actual deficiency, including interest and costs of re-sale.

It is true the required deposit had not been actually paid in cash, but the judgment of Lord Campbell was put on the basis of its having been actually paid.

The result is, that the amount of the actual deficiency at the second sale must be determined by adding to the difference between the two bids the interest on the first bid and the costs of the second sale and its confirmation, and crediting the amount of complainant's down-payment. The deficiency so determined must be added to the fund in the master's hands as found by his report, and deducted from complainant's share therein.

A reference will be made for that purpose.

The costs of this motion and of the reference will be deducted from complainant's share.